THE STATE, EX REL. THE TRUSTEES OF THE FREE PUBLIC
LIBRARY OF THE CITY OF JERSEY CITY, v. THE BOARD
OF FINANCE OF JERSEY CITY.

The provisions of the "Act to authorize the establishment of free public
libraries in the cities of this state," passed April 1st, 1884 (*Pamph L.*,
*p.* 110), require every municipality in which they are adopted to appro-
priate and raise by tax an amount equal to one-third of a mill on
every dollar of assessable property. *Held*, that these provisions
require the absolute performance of the duty enjoined, and leave
nothing to the judgment or discretion of the municipality; that any
board or body whose duty it is to appropriate and raise taxes in such
municipality failing to obey the legislative mandate is guilty of dere-
liction of duty, and a *mandamus* is proper to compel the performance
of such neglected duty; but a peremptory writ ought not to issue
requiring the immediate performance of that duty when no existing
law gives power or provides machinery appropriate to such immediate
performance.

On rule to show cause why *mandamus* should not issue
requiring the board of finance of Jersey City to forthwith
appropriate, raise and pay to relators $25,533.15. The rule
was allowed February 15th, 1890.

Argued at February Term, 1890, before Justices KNAPP
and MAGIE.

For the relators, *George L. Record.*

For Jersey City, *William D. Edwards.*

The opinion of the court was delivered by

MAGIE, J.    By the statement of facts agreed on by counsel,
and on which the rule was brought to hearing, it appears that
the provisions of the "Act to authorize the establishment of
free public libraries in the cities of this state," passed April
1st, 1884 (*Pamph. L., p.* 110), as modified by a supplement
approved April 2d, 1888 (*Pamph. L., p.* 378), and a further
supplement approved March 19th, 1889 (*Pamph. L., p.* 75),

have been adopted by the votes of a large majority of the electors of Jersey City voting at an election held April 9th, 1889.

Relators thereafter organized pursuant to the provisions of those acts.

By section 3 of the said act of 1884, it is provided that if a majority of voters favor the adoption of the act, it shall become the duty of the appropriate board of the city to appropriate and raise by tax, in the manner city taxes are assessed, levied and collected, a sum equal to one-third of a mill on every dollar of assessable property, which sum is to be paid to the treasurer of the board of trustees of the free public library.

In Jersey City the board of finance is charged with the duty of appropriating and raising by taxation all moneys to be thus appropriated and raised. One-third of a mill on all the assessable property in said city for the year following the election amounted to $25,533.15. That board did not appropriate that sum, but did appropriate and raise $10,000.

In taking this action, I think it is obvious that the board of finance was derelict in duty. The act of the legislature, sovereign over the matter of taxation, was express and mandatory in requiring this tax to be appropriated and raised. It left nothing to the judgment or discretion of the local authority. A failure to obey its mandate was a misfeasance, and a writ of *mandamus* may well issue to require the performance of the unperformed and neglected duty, if that duty may be now performed.

The only question then is, whether a writ issued in the terms of this rule and requiring the board of finance to forthwith appropriate and raise the said amount by tax can now be performed.

This board is required by the charter of Jersey City annually, in the month of July, to fix the amount to be raised by tax, and the amounts so fixed are to be the appropriation and limit of expenditure for the purposes of the act. *Pamph. L.* 1871, *p.* 1147, § 129.

It is conceded that there is no provision of law authorizing. a special appropriation or providing the machinery for levy-ing and collecting any tax except that included in the annual tax budget determined on in the month of July.

It was suggested that this board has power to borrow money, and should be required to exercise it for the purpose of paying relators. This power is said to have been conferred by the "Act concerning the payment of judgments against any city," approved March 8th, 1877. *Rev., p.* 1373. But the writ asked for is not appropriate to the enforcement of a duty under that act, and the claim of relators is neither a judgment nor in the nature of a judgment.

The result is, that the board of finance have no power now to obey the writ asked for, and therefore a peremptory writ ought not now to issue. But an alternative writ may now issue, whereon a peremptory *mandamus* may eventually be obtained, and the court will preserve the right of relators to relief by extending the time of the return of such writ so as to cover the period when, under the law, the appropriation and raising of the tax may be ordered. *Brown* v. *Rahway,* 22 *Vroom* 279; *Hopper* v. *Freeholders,* 19 *Atl. Rep.* 383.